UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, and CENTER FOR CONSTITUTIONAL RIGHTS,<br><br>*Plaintiffs*,<br><br>v.<br><br>DEPARTMENT OF JUSTICE including its component OFFICE OF LEGAL COUNSEL, DEPARTMENT OF STATE, and DEPARTMENT OF DEFENSE,<br><br>*Defendants*. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief, seeking the immediate release of a legal opinion authored by the Office of Legal Counsel ("OLC"), a component of the Department of Justice ("DOJ"), concerning the U.S. military's claimed authority to carry out lethal strikes on civilians in boats that the U.S. government asserts are carrying drugs (hereinafter, "the OLC Opinion"), as well as any unclassified summaries of that opinion, and the release of a July 2025 Presidential Directive to the Department of Defense ("DOD") authorizing the use of military force against Latin American drug cartels.

2. Prompt disclosure of these records is critically important to ensuring informed public debate about the U.S. military's unprecedented strikes, which have killed more than eighty civilians since September, in clear violation of domestic and international law. Disclosure is also

necessary given reports that the OLC Opinion purports to immunize personnel who authorized or took part in these unlawful strikes from future criminal prosecution.

3. Plaintiffs, the American Civil Liberties Union and the American Civil Liberties Union Foundation (collectively, "ACLU") and the Center for Constitutional Rights ("CCR"), submitted a FOIA request to OLC, the Department of State ("State Department"), and DOD on October 15, 2025, seeking release of the OLC Opinion and related unclassified records. *See* Exhibit A. To date, none of the Defendant agencies has released any responsive records, notwithstanding FOIA's requirement that agencies make a determination with respect to requests within, at most, thirty working days.

4. Because the public deserves to know how the Trump administration has justified the outright murder of civilians as lawful, and the grounds on which it purports to provide immunity from prosecution for personnel who carried out these crimes, Plaintiffs now ask the Court for an injunction requiring Defendants to process their FOIA request and immediately release responsive records.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) because Plaintiffs' principal places of business are in New York, New York, within this district.

## PARTIES

### Plaintiffs

7. Plaintiff American Civil Liberties Union is a nationwide, non-profit, non-partisan 26 U.S.C. § 501(c)(4) organization, incorporated in the District of Columbia and with its principal place of business in New York, New York. The ACLU's mission is to maintain and advance civil

rights and civil liberties and to ensure that the U.S. government acts in compliance with the Constitution and laws of the United States. The ACLU is also committed to principles of transparency and accountability in government and seeks to ensure that the American public is informed about the conduct of its government in matters that affect civil liberties and human rights. Obtaining information about governmental activity, analyzing that information, and widely publishing and disseminating it to the press and the public is a critical and substantial component of the ACLU's work and one of its primary activities.

8. Plaintiff American Civil Liberties Union Foundation is a separate 501(c)(3) organization that educates the public about civil liberties and employs lawyers who provide legal representation free of charge in cases involving civil liberties. It is incorporated in New York State and its principal place of business is in New York City.

9. Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation together are referred to as the "ACLU."

10. Plaintiff CCR is a non-profit, public interest legal and advocacy organization engaged in the fields of civil and international human rights and headquartered in New York, New York. CCR's diverse issue areas include litigation and advocacy around militarism, mass incarceration and prisoners' rights, racial justice and the protection of human rights defenders and the right to dissent. CCR's Open Records Project files numerous FOIA requests related to these issues, often litigates those requests in court, and has released thousands of pages of documents produced via those requests over the past decade. CCR also regularly summarizes and publishes findings from its record requests and disseminates them to the press.

**Defendants**

11. Defendant DOJ is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). OLC, from which the ACLU requested records, is a component of DOJ.

12. Defendant State Department is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

13. Defendant DOD is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Office of the Secretary of Defense and Joint Staff, from which the ACLU requested records, is a component of DOD.

**FACTS**

**U.S. Military Strikes on Boats in International Waters**

14. Since September 2, 2025, President Trump has ordered 22 lethal military strikes against civilians on boats in the Caribbean Sea and eastern Pacific Ocean that the U.S. government claims were carrying drugs, killing 87 people.[1]

15. The U.S. military may not summarily kill civilians who are merely suspected of smuggling drugs. It must first pursue non-lethal measures like arrest and demonstrate that lethal force is an absolute last resort to protect against a concrete, specific, and imminent threat of death or serious physical injury.

---

[1] *See* Lazaro Gamio, Carol Rosenberg, and Charlie Savage, *Tracking U.S. Military Killings in Boat Attacks*, N.Y. Times (Dec. 5, 2025), https://www.nytimes.com/interactive/2025/10/29/us/us-caribbean-pacific-boat-strikes.html.

16. Members of Congress, former government officials from across the political spectrum, and experts on the lawful use of military force have concluded that the ongoing strikes are unlawful.[2]

17. Former military leaders, lawyers, and enlisted personnel have similarly expressed strong concerns about the unlawful nature of the strikes, as well as the legal, ethical, and moral jeopardy for service members ordered to carry them out.[3]

18. One of the United States' closest allies, the United Kingdom, reportedly agrees. As of early November, the United Kingdom reportedly "is no longer sharing intelligence with the U.S. about suspected drug trafficking vessels in the Caribbean because it does not want to be complicit in U.S. military strikes and believes the attacks are illegal."[4]

19. Notwithstanding this broad consensus, the Trump administration has defended the strikes as lawful. In an October 2, 2025, notice to Congress, for instance, President Trump claimed

---

[2] *See, e.g.*, Sen. Rand Paul, *The Constitution Does Not Allow the President to Unilaterally Blow Suspected Drug Smugglers to Smithereens*, Reason (Oct. 8, 2025, at 17:54 ET), https://reason.com/2025/10/08/the-constitution-does-not-allow-the-president-to-unilaterally-blow- suspected-drug-smugglers-to-smithereens; Nick Turse, *Trump Administration Admits It Doesn't Know Who Exactly It's Killing in Boat Strikes*, Intercept (Oct. 31, 2025, at 16:30 ET), https://theintercept.com/2025/10/31/trump-venezuela-boat-strikes-unprivileged-belligerants/ (quoting Rep. Sara Jacobs); Marty Lederman, *The Many Ways in Which the September 2 Caribbean Strike was Unlawful … and the Grave Line the Military Has Crossed*, Just Security (Sep. 10, 2025), https://www.justsecurity.org/120296/many-ways-caribbean-strike-unlawful/; John Yoo, *What's Wrong with a Military Campaign Against the Drug Trade*, Wash. Post (Sep. 23, 2025), https://www.washingtonpost.com/opinions/2025/09/23/trump-boat-strikes-drug-cartels-venezuela/; Tess Bridgeman, Michael Schmitt and Ryan Goodman, *Expert Q&A on the U.S. Boat Strikes*, Just Security (Dec. 3, 2025), https://www.justsecurity.org/126156/expert-qa-on-the-u-s-boat-strikes/.

[3] *See, e.g.*, Ruth Marcus, *The Dishonorable Strikes on Venezuelan Boats*, New Yorker (Dec. 1, 2025), https://www.newyorker.com/news/the-lede/the-dishonorable-strikes-on-venezuelan-boats.

[4] Natasha Bertrand, *Exclusive: UK Suspends Some Intelligence Sharing with US Over Boat Strike Concerns in Major Break*, CNN (Nov. 11, 2025), https://www.cnn.com/2025/11/11/politics/uk-suspends-caribbean-intelligence-sharing-us.

that the strikes complied "with the law of armed conflict" because the United States is allegedly engaged in a "non-international armed conflict" with unspecified "drug cartels."[5] On October 10, 2025, the Trump administration reiterated this purported legal rationale in remarks to the United Nations Security Council.[6]

20. Since then, DOD Secretary Pete Hegseth has similarly insisted that the strikes were carried out "in compliance with the law of armed conflict."[7]

21. According to media reports, this "'armed-conflict' argument" is derived from a legal opinion authored by OLC, a DOJ component whose opinions are generally treated as binding within the executive branch.[8]

22. Unusually, the OLC Opinion also reportedly states "that personnel taking part in military strikes on alleged drug-trafficking boats in Latin America [will] not be exposed to future prosecution."[9]

23. DOJ has adopted these conclusions, publicly stating that "[t]he strikes were ordered consistent with the laws of armed conflict, and as such are lawful orders," and that "[m]ilitary

---

[5] *See* Marty Lederman, *Legal Flaws in the Trump Administration's Notice to Congress on "Armed Conflict" with Drug Cartels*, Just Security (Oct. 3, 2025), https://www.justsecurity.org/121844/trump-notice-drug-cartels/.

[6] *Remarks at a UN Security Council Briefing on Venezuela*, U.S. Mission to the U.N. (Oct. 10, 2025), https://usun.usmission.gov/remarks-at-a-un-security-council-briefing-on-venezuela/.

[7] Secretary of War Pete Hegseth (@SecWar), X (Nov. 28, 2025, at 18:42 ET), https://x.com/SecWar/status/1994552598142038358.

[8] *See* Ellen Nakashima, Dan Lamothe, John Hudson and Noah Robertson, *U.S. Troops not Liable in Boat Strikes, Classified Justice Dept. Memo Says*, Wash. Post (Nov. 12, 2025), https://www.washingtonpost.com/national-security/2025/11/12/trump-drug-boat-venezuela-legal/.

[9] *Id*.

personnel are legally obligated to follow lawful orders and, as such, are not subject to prosecution for following lawful orders."[10]

24. The White House has officially acknowledged the OLC Opinion. When responding to recent reports that, during the first boat strike on September 2, 2025, DOD Secretary Hegseth ordered military personnel to "kill everybody"—including two survivors who were "clinging to the smoldering wreck" and were ultimately killed in a second strike[11]—White House Press Secretary Karoline Leavitt insisted that these strikes were carried out "in accordance with the law of armed conflict," citing the "DOJ Office of Legal Counsel opinion and other related documents."[12]

25. DOD has also officially acknowledged the OLC Opinion. On October 7, 2025, Charles L. Young III, who currently serves as the Acting General Counsel of DOD, explained during testimony before the United States Senate Committee on Armed Services that the OLC Opinion "was derived through an interagency lawyers working group with the CIA, the State Department, White House counsel, Department of Justice, Department of Defense general counsel, [and the] chairman's legal uniformed judge advocates."[13]

---

[10] *Id*.

[11] *See* Alex Horton and Ellen Nakashima, *Hegseth Order on First Caribbean Boat Strike, Officials Say: Kill Them All*, Wash. Post (Nov. 28, 2025), https://www.washingtonpost.com/national-security/2025/11/28/hegseth-kill-them-all-survivors-boat-strike/.

[12] *See Press Briefing: Karoline Leavitt Holds a Press Briefing at The White House - December 1, 2025*, at 14:17–14:41, 22:23–23:50 (Roll Call, Dec. 1, 2025), rollcall.com/factbase/trump/transcript/donald-trump-press-conference-briefing-karoline-leavitt-december-1-2025/.

[13] *See To Consider the Nominations of: Mr. John Noh to be Assistant Secretary of Defense for Indo-Pacific Security Affairs; Mr. Charles L. Young III to be General Counsel of the Department of the Army; Mr. William K. Lane III to be General Counsel of the Department of the Air Force; and Mr. David E. Beck to be Deputy Administrator for Defense Programs, National Nuclear Security* (continued…)

26. In mid-November, the Trump administration allowed "members of Congress and their staffs to read" the opinion.[14] Many found its analysis deeply troubling. Indeed, one senator remarked that the opinion "would not constrain any use of force anywhere in the world. I mean, it is broad enough to authorize just about anything."[15]

## The FOIA Request

27. On October 15, 2025, Plaintiffs submitted identical FOIA requests to OLC, DOD, and the State Department seeking records created from January 20, 2025, to the present, falling within the following categories:

   (1) The OLC final opinion concerning the President's authority to order lethal strikes against drug cartels;

   (2) President Trump's July 2025 directive to DOD authorizing the use of military force against Latin American drug cartels deemed to be terrorist organizations; and,

   (3) Any unclassified summaries of the two above documents.

## Agency Responses

28. Despite urgent public interest in the Trump administration's legal justification for its lethal strikes on civilians suspected of smuggling drugs, Defendants have not released any records in response to Plaintiffs' request.

29. Ordinarily, agencies must make a "determination" as to FOIA requests within twenty working days. 5 U.S.C. § 552(a)(6)(A)(i). FOIA permits agencies to extend this deadline by ten

---

*Administration: Hearing Before the S. Comm. on Armed Servs.*, 119th Cong. 76 (2025), https://www.armed-services.senate.gov/imo/media/doc/transcript-10-07-2025-nom.pdf.

[14] *See* Nick Turse, *Secret Boat Strike Memo Justifies Killings by Claiming the Target is Drugs, Not People*, Intercept (Nov. 14, 2025, at 12:28 ET), https://theintercept.com/2025/11/14/boat-strikes-immunity-legality-trump/.

[15] Nakashima et al., *supra* note 8.

working days in the event of "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). However, in all events, agencies must make a determination as to FOIA requests within thirty working days.

30. At a minimum, a "determination" must "indicate within the relevant time period the scope of the documents [the agency] will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 182–83 (D.C. Cir. 2013) (Kavanaugh, J.).

31. A FOIA requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with" statutory deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

32. On November 25, 2025, OLC responded to Plaintiffs' FOIA request. It assigned the request a tracking number (FY26-014).

33. In its response, OLC stated it is "unable to comply with the twenty-day statutory deadline for responding to [Plaintiffs'] request." OLC did not indicate the scope of the documents it would produce or whether it would claim any exemptions with respect to any withheld documents.

34. To date, Plaintiffs have not received any further response to the request from OLC.

35. On November 25, 2025, the State Department responded to Plaintiffs' FOIA request. It acknowledged receipt of Plaintiffs' FOIA request and assigned the request a tracking number (F-2026-01048).

36. The State Department's response stated that it "will not be able to respond within the 20 days provided by the statute due to 'unusual circumstances.'" It further stated: "In this instance, the unusual circumstances include the need to search for and collect requested records from other Department offices or Foreign Service posts." The State Department did not indicate the scope of

9

the documents it would produce or whether it would claim any exemptions with respect to any withheld documents.

37. To date, Plaintiffs have not received any further response to the request from the State Department.

38. On October 15, 2025, DOD acknowledged receipt of Plaintiffs' FOIA request and assigned the request a tracking number (26-F-0103).

39. To date, Plaintiffs have not received any response to their FOIA request from DOD.

## CLAIMS FOR RELIEF

40. The failure of Defendants to make a reasonable effort to search for records responsive to Plaintiffs' request violates FOIA, 5 U.S.C. § 552(a)(3), and Defendants' corresponding regulations.

41. The failure of Defendants to promptly make available the records sought by Plaintiffs' request violates FOIA, 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(A), and Defendants' corresponding regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Order Defendants to immediately conduct a full, adequate, and thorough search for all responsive records;

B. Order Defendants to immediately process and release any responsive records;

C. Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Jeffrey Stein*
Jeffrey Stein
Brett Max Kaufman
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549-2500
jstein@aclu.org
bkaufman@aclu.org

Perry Grossman
Ify Chikezie
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 19th Floor
New York, New York 10004
(212) 607-3347
pgrossman@nyclu.org
ichikezie@nyclu.org

Baher Azmy
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Fl.
New York, NY 10012
(212) 614-6464
bazmy@ccrjustice.org

Dated: December 9, 2025