

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

February 26, 2026

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *American Civil Liberties Union, et al. v. U.S. Dep't of Justice, et al.*,
               25 Civ. 10189 (PAE)

Dear Judge Engelmayer:

      This Office represents the defendant agencies in this Freedom of Information Act case. We write jointly with plaintiffs to provide a status report, as directed by the Court's February 12 order, ECF No. 31, and to propose a further status report by March 19.

      **Status report.** The February 12 order directed the government to address "defendants' ongoing (1) review of materials for responsiveness and (2) processing of these materials to determine whether and to what extent to claim FOIA exemptions." ECF No. 31. The order also noted that, as discussed at the conference, "subject to reassessment after review of the status letter, [the Court] expects defendant's responsiveness review of the limited materials at issue in this case to be complete by Thursday, March 12, 2026." *Id.*[1]

      As discussed at the conference, the FOIA request principally seeks two documents: (1) "The OLC final opinion concerning the President's authority to order lethal strikes against drug cartels," and (2) "President Trump's July 2025 directive to the Department of Defense authorizing the use of military force against Latin American drug cartels deemed to be terrorist organizations." ECF No. 1-1 at 5-6. The request's item 3 also seeks any unclassified summaries of those documents. *Id.*

      With respect to items 1 and 2 of the FOIA request, the government is processing these records for any applicable FOIA exemptions. As discussed at the February 12 conference, this includes a determination of whether any material is currently properly classified, and therefore subject to FOIA's exemption 1, 5 U.S.C. § 552(b)(1); whether any statute exempts material from

---

[1] As discussed at the conference, the government understands the Court's reference to "responsiveness review" in this sentence to mean completion of all FOIA processing, which includes the determination of whether records are responsive, as well as whether any responsive records are exempt in whole or in part.

Hon. Paul A. Engelmayer  
February 26, 2026

Page 2

disclosure, 5 U.S.C. § 552(b)(3); whether any of the material is "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency," 5 U.S.C. § 552(b)(5); or whether any other exemption applies. The government is also evaluating whether any discretionary releases may be made notwithstanding a FOIA exemption. The government currently expects that these tasks will be complete by March 12.

With respect to item 3 of the FOIA request, as discussed at the conference, the government has located two types of potentially responsive records: an unclassified email chain involving OLC staff, and a set of unclassified DoD emails gathered pursuant to an agreed-upon search. The OLC email chain is currently undergoing processing for FOIA exemptions. DoD's review of its unclassified emails is also ongoing. So far, DoD has reviewed approximately 75% of the hundreds of emails it gathered, and none have been determined to be responsive. The government also currently expects that all processing for item 3 will be complete by March 12.

Finally, as discussed at the conference, the parties have agreed to dismiss the State Department from this case with prejudice, and are submitting a stipulation of dismissal today.

**Proposed further status report.** The parties propose filing a further joint status report by March 17, three business days after the expected completion date for FOIA processing. The parties intend to confer about appropriate next steps.

In the interests of efficiency, the parties respectfully request that if they are at an impasse, they be permitted to propose a briefing schedule for cross-motions for summary judgment in the March 17 report. The parties expect that if briefing is necessary, they will propose a four-brief schedule, with the government moving first, followed by Plaintiffs' cross-motion. We further request that the Court waive its usual requirement for pre-motion letters and a pre-motion conference, since in this FOIA case, cross-motions for summary judgment are the expected means of resolving any dispute about FOIA exemptions. *See Intercept Media Inc. v. National Park Service*, No. 23 Civ. 10922 (PAE), 2024 WL 5009310, at *6 (S.D.N.Y. Dec. 6, 2024).

We thank the Court for its attention to this matter.

Respectfully submitted,

JAY CLAYTON  
United States Attorney  
Southern District of New York

cc: Counsel for Plaintiffs (via ECF)

By: */s/ Peter Aronoff*  
PETER ARONOFF  
Assistant United States Attorney  
Telephone: (212) 637-2697  
E-mail: peter.aronoff@usdoj.gov  
*Counsel for Defendants*

The parties' request to file a further joint status report on March 17, 2026 is GRANTED. Should either party seek to pursue summary judgment, pursuant to the Court's Individual Rules, the party moving for summary judgment shall submit a letter via ECF, not to exceed three single spaced pages in length, setting forth the basis for the anticipated motion, including the legal standards governing the claims at issue. This letter must be filed by March 17, 2026. The opposing party shall respond by March 20, 2026.

The Court schedules a case management conference in this matter for March 23, 2026 at 10:30 a.m. in courtroom 1305 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York 10007. If any pre-motion letters are filed, the Court expects to take these up at the conference.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

February 27, 2026
New York, New York