**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, and CENTER FOR CONSTITUTIONAL RIGHTS, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, including its component OFFICE OF LEGAL COUNSEL, U.S. DEPARTMENT OF STATE, and U.S. DEPARTMENT OF DEFENSE, <br><br> Defendants. | 25 Civ. 10189 (PAE) |

---

## SUPPLEMENTAL DECLARATION OF EARL G. MATTHEWS

I, Earl G. Matthews, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the General Counsel for the United States Department of War. I have held this role since July 31, 2025. In this role, I serve as the chief legal officer of the Department and as the principal legal advisor to the Secretary of War. In my current capacity, I possess original classification authority for Department of War (DoW) information up to the TOP SECRET Level. A significant portion of my responsibilities include oversight of the handling of highly sensitive materials including other agency's equities. Previously, I held senior positions within the White House, the Department of War and the Intelligence Community during President Trump's first term. Specifically, I served as the Deputy Assistant to the President and Senior Director for Defense Policy and Strategy on the National Security Council staff, where I was responsible for the coordination and implementation of all defense policy matters that rose to the level of the President. I was also the former Acting General Counsel/Principal Deputy General

1

Counsel of the Department of the Army, a Deputy Legal Counsel to the Chairman of the Joint Chiefs of Staff, and Special Counsel to the Director of National Intelligence. While on active duty in the U.S. Army, I was both an attorney and an intelligence officer at the Defense Intelligence Agency (DIA). I am a veteran of combat operations in both Iraq and Afghanistan, having formerly conducted operational deployments to Bosnia-Herzegovina and the Horn of Africa.

2. I am also the Director of the Defense Legal Services Agency (DLSA), which is comprised of the personnel assigned to the Defense Agencies and the Department of War Field Activities. In this role, I am responsible for the oversight, resourcing, and management of day-to-day office operations across the Department's legal offices. In performance of these administrative, managerial, duties I have general knowledge of the control measures regularly utilized to protect classified and sensitive information.

3. I submit this supplemental declaration in support of the government's motion for summary judgment in this case. Regarding the OLC memorandum at issue in this case, I have specific knowledge of the control measures and access limitations employed to protect against disclosure of its sensitive content. The statements that follow are based on my personal knowledge, as well as information provided to me from within the Department and across the Executive Branch in the course of my official duties.

4. As I noted in my prior declaration, the Memorandum is a highly classified document. Portions are marked Top Secret (TS), and the document also contains sensitive compartmented information (SCI). When information is marked as TS/SCI, it can only properly be disclosed to individuals who have a TS/SCI security clearance, are properly read into the relevant compartment, and have a specific need to know. Some of these compartments are themselves classified.

2

5. In addition to handling and access measures associated with classified information, access to the Memorandum is further limited and strictly controlled. I understand that only four physical copies are maintained across the entire Executive Branch, and that because of the sensitivity of the information it contains, the Memorandum is maintained in hard copy rather than stored on a classified network or distributed by secure email.

6. The Department's sole copy has been held in a secure safe in the Office of the General Counsel. Access to this copy must be specifically cleared with the me or my immediate staff and is provided only to appropriately cleared individuals with a need to know. The Department has not distributed any other copies of the Memorandum.

7. Only limited senior Department and military leadership officials, or their legal counsel, have reviewed the Memorandum. It has not otherwise been distributed or made available for review.

8. The Memorandum, which was authored by the Department of Justice, does not contain military orders. Military orders are embodied in separate documents.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

EXECUTED this 29th day of May, 2026 in Arlington, Virginia.

Earl G. Matthews
General Counsel
U.S. Department of War

3