

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

July 20, 2026

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *American Civil Liberties Union, et al. v. U.S. Dep't of Justice, et al.*,
               25 Civ. 10189 (PAE)

Dear Judge Engelmayer:

This Office represents the defendant agencies in this Freedom of Information Act case. We write to respond to plaintiffs' letter of Thursday, July 16, 2026, which argues that testimony from the Acting Attorney General on July 15 supports their arguments.

Acting Attorney General Todd Blanche's testimony has many of the same features as other statements that plaintiffs have cited, and fails to substantiate their argument for express adoption for similar reasons.

First, even on its own terms, the testimony does not rise to the level of specificity that courts have required to find express adoption. Acting Attorney General Blanche states that "the idea that we were not transparent about our legal basis there is absolutely not true," but the quoted statement refers to making the Assistant Attorney General for the Office of Legal Counsel ("OLC") "available on multiple occasions to explain" that "legal basis" to committee members. The Acting Attorney General's statement does not expressly rely on the OLC memo as the basis for the President's or the Department of Defense's actions and in no way indicates that he or other Executive Branch officials or agencies adopted the OLC memo as their own.

Second, and relatedly, the statement was not by the President (whose decision it was to authorize military action, *see* Watzel Decl. ¶¶ 17-18) or even by a representative of the Department of Defense (which plaintiffs identify as the agency that has allegedly expressly adopted the Memorandum, *see* ECF No. 60 at 2-3). As with OLC, the Acting Attorney General does not make decisions for either of these entities, especially on whether to authorize or continue military action. Even final legal advice is not such a decision, let alone a statement of another agency's position. As explained in the defendants' filings, *see* ECF No. 59 at 7, legal advice is only one of many inputs into that decision.

Finally, as with the testimony of General Caine and Department of Defense Acting General Counsel Young, the Acting Attorney General's statements came in response to questions from a senator specifically about the OLC memo. He did not raise the topic himself affirmatively. As we have explained in our briefing, *see* ECF No. 59 at 14, 16, statements made by an Executive Branch official in response to questions from Congress do not carry the same weight as affirmative statements for purposes of showing express adoption.

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney
Southern District of New York

By: */s/ Peter Aronoff*
PETER ARONOFF
Assistant United States Attorney
Telephone: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov
*Counsel for Defendants*

cc: Counsel for Plaintiffs (via ECF)