**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 9, 2026

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *American Civil Liberties Union, et al. v. U.S. Dep't of Justice, et al.*, 25 Civ. 10189 (PAE)

Dear Judge Engelmayer:

This Office represents the defendant agencies in this Freedom of Information Act case. We write to respond to plaintiffs' letter of September 2, 2026 (ECF No. 68), which argues that a statement from SOUTHCOM spokesperson Steven McLoud supports their arguments. But the statement does not alter the landscape of the parties' cross-motions for summary judgment.

Plaintiffs quote Mr. McLoud's statement that "Each operation is planned and executed within the full bounds of our legal framework . . . ensuring that every target meets the legal criteria established by our Office of Legal Counsel." ECF No. 68 at 1 (quoting statement). But as the government has previously argued, a client does not waive attorney-client privilege by receiving legal advice and then acting consistently with that advice. *See* Govt. Opp. Br. 20 (ECF No. 59). Mr. McCloud's statement is thus similar to the facts of *ACLU v. NSA*, 925 F.3d 576, 599 (2d Cir. 2019), where the Second Circuit held that exemption 5 applied to OLC's legal advice even if the Attorney General had reviewed OLC's legal analysis, agreed with it, and then certified a specific program. Indeed, a core purpose of recognizing the attorney-client privilege for government agencies is to encourage public officials to not just seek, but to follow legal advice. *In re Cnty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007); *see also* Govt. Reply Br. 4-5 (ECF No. 62).

Mr. McLoud's statement does not establish or even suggest that DOD officials rely on the Memorandum when making operational decisions about specific strikes in any way that could render it working law. *Cf. Tax Analysts v. IRS*, 117 F.3d 607, 618 (D.C. Cir. 1997). Nor would such reliance be plausible: as the supplemental declaration of DOD's General Counsel explains, the Memorandum contains no military orders, and access to it is strictly controlled. *See* Supplemental Declaration of Earl Matthews ¶¶ 8, 5-6 (ECF No. 63).

Finally, the Court should give no weight to plaintiffs' citation to the statements in the same news article that were purportedly made by unidentified, anonymous officials. Courts

routinely reject such statements in FOIA matters. *See, e.g.*, *Eddington v. DOJ*, 581 F. Supp. 3d 218, 230 (D.D.C. 2022) (anonymous statements cannot be official disclosures); *Competitive Enter. Inst. v. NSA*, 78 F. Supp. 3d 45, 59 (D.D.C. 2015) ("[S]peculation by the press—no matter how widespread—and disclosures in the press from unnamed sources are not sufficient to waive an agency's right to withhold information under FOIA."); *see also Wilson v. CIA*, 586 F.3d 171, 186 (2d Cir. 2009) ("the law will not infer official disclosure of information classified by the CIA from . . . widespread discussion of a classified matter"). Moreover, such anonymous statements are not an appropriate factual basis for a summary judgment record, since there is no prospect that they could be introduced in admissible form. Fed. R. Civ. P. 56(c).

We thank the Court for its consideration of this submission.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: */s/ Peter Aronoff*
PETER ARONOFF
Assistant United States Attorney
Telephone: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov
*Counsel for Defendants*

cc: Counsel for Plaintiffs (via ECF)