**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, and CENTER FOR CONSTITUTIONAL RIGHTS,

Plaintiffs,

v.

DEPARTMENT OF JUSTICE including its component OFFICE OF LEGAL COUNSEL, DEPARTMENT OF STATE, and DEPARTMENT OF DEFENSE,

Defendants.

25 Civ. 10189 (PAE)

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT**

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York
Counsel for Defendants
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2697
peter.aronoff@usdoj.gov

Of Counsel:

PETER ARONOFF
Assistant United States Attorney

## CONTENTS

ARGUMENT .......... 1

I. There Has Been No Waiver of the Presidential Communications Privilege .......... 1

A. Review Necessary to Provide Advice to the President or His Advisors .......... 2

B. Review Necessary to Carry Out Presidential Directives .......... 3

C. Review Necessary to Defend the Government in Litigation .......... 5

D. Review Necessary to Respond to Congressional Inquiries .......... 5

CONCLUSION .......... 6

As invited by the Court's Opinion and Order resolving the government's motion for partial reconsideration, *see* ECF No. 81 at 10, 16 n.3, the government submits this memorandum in further support of its motion for summary judgment to explain why, in the government's view, the record in this case—including as supplemented by the Second Declaration of Ryan Watzel ("Second Watzel Decl.") and the Classified Declaration of Earl G. Matthews ("Classified Matthews Decl.")—demonstrates that the presidential communications privilege continues to apply to the OLC Memorandum.[1]

## ARGUMENT

### I. There Has Been No Waiver of the Presidential Communications Privilege

The Court has already held, based on the parties' initial summary judgment submissions, that the presidential communications privilege applies to the OLC Memorandum, ECF No. 72 at 52-54, and also determined that the working law exception does not apply to the presidential communications privilege, *id.* at 55-56. The Court has left open whether the privilege has been waived by circulation of the Memorandum within the executive branch. *See id.* at 56-63.

As relevant to this stage of this matter, the government contends that if a document is protected by the presidential communications privilege, the privilege is not removed or waived if it is provided in confidence to another executive branch official for any of the following four reasons: (1) to assist the official in providing new, supplemental, or clarifying advice to the President or his advisors (or their staffs), consistent with the standards of *In re Sealed Case*, 121

---

[1] As authorized by the Court's November 9 Order, ECF No. 84, this brief contains the government's argument to the maximum extent possible on the public record without risking disclosure of classified information. By separate ex parte classified submission, the government has also provided the Court with a supplemental brief that contains additional detail that cannot be disclosed publicly without risking disclosure of classified information. The Department of Justice has determined that, because of the reasons for access for the individuals listed, its declaration is not classified. However, the Second Watzel Declaration does contain one redaction for privacy reasons.

F.3d 729 (D.C. Cir. 1997); (2) to aid the official in carrying out a presidential directive to which the privileged document relates; (3) to defend the government in litigation where the privileged document is at issue or otherwise relevant; or (4) to facilitate responses to inquiries by Congress to the executive branch.[2]

The record in this case demonstrates that every listed official was given access for one or more of these four reasons. Thus, the privilege has not been waived, and summary judgment should be granted to the government.[3]

**A. Review Necessary to Provide Advice to the President or His Advisors**

First, where the presidential communications privilege attaches to a document, the document does not lose the privilege if a member of the executive branch reviews that document for the purpose of providing new, supplemental, or clarifying advice to the President or his advisors (or their staffs)—in other words, where review aids the official in preparing a further communication that itself would be independently protected by the presidential communications privilege. *See In re Sealed Case*, 121 F.3d at 742-53.

Even the cases that the government otherwise disagrees with share its view on this point. For example, *CAIR Connecticut v. USCIS*, held that the government might waive the privilege even by providing a document to someone with a need to know—unless it could show that "the *reason* that a given recipient 'needs to know' . . . . comport[s] with the purpose of the privilege, which is to promote candor and effective presidential decision-making." 669 F. Supp. 3d 64, 80 (D. Conn. 2023). If an executive branch official—whether or not involved in the initial provision

---

[2] For the avoidance of doubt, by advancing this narrower, fact-specific argument at this stage, the government does not withdraw or concede any argument it has previously advanced in its primary summary judgment papers or on reconsideration, and the government reserves the right to appeal on any ground.

[3] The government has already thoroughly explained its legal position on many relevant points. In order to avoid repetition, we summarize and cross-reference previous filings in this case.

of advice to the President or his immediate advisors (or their staffs)—reviews a privileged document *in order to further advise the President* (or his advisors or their staffs), the reason for review necessarily comports with the purposes of the privilege. *Center for Effective Government v. Dep't of State* ("*CEG*"), 7 F. Supp. 3d 16, 29 (2013), contains nearly identical language. *See id.* ("As in the attorney-client privilege context, the scope of the 'need to know' is relevant to the presidential communications privilege, where, for the privilege to apply, the *reason* a given recipient 'needs to know' must implicate the purposes that animate the privilege: the promotion of candor and effective presidential decision-making."). The Court's September 30 Order appears to agree with this proposition as well. *See* ECF No. 72 at 61 (citing *CEG*).

As the record (including the classified record) demonstrates, a number of the officials who have been given access to the Memorandum did so to provide the President or his advisors (or their staffs) with advice about matters for a presidential decision related to the issues addressed in the Memorandum itself. *See generally* Classified Matthews Decl. Ex. A. For these individuals, reviewing the Memorandum helped inform their views about those other matters so that they could provide the best advice to the President. Further detail is provided in the classified filings.

**B. Review Necessary to Carry Out Presidential Directives**

Second, the government has explained why the presidential communications privilege is not waived where executive branch staff confidentially review a privileged document to ensure that they are faithfully carrying out presidential directives. ECF No. 76 at 3-4, 6-8; ECF No. 80 at 5-6.

The D.C. Circuit recognized as much when it held that the privilege protects "final and post-decisional materials" as well as predecisional deliberations. *In re Sealed Case*, 121 F.3d 729, 746 (D.C. Cir. 1997). The President must be able to "communicate his decisions privately" so that he can "exercise control over the executive branch." *Id*. As we have noted, the President cannot

execute the laws alone; he requires the "the assistance of subordinates." *Myers v. United States*, 272 U.S. 52, 117 (1926); ECF No. 76 at 4. It would undercut the purposes of the privilege if executive branch staff charged with carrying out a presidential decision could not review the same materials the President or his advisors considered in formulating a decision. *See* ECF No. 76 at 4, 6-7.

As the government has also explained, it is unaware of any comparable case in which waiver has been found by limited confidential distribution of a classified document to executive branch officials with a need to know the contents of the document to carry out presidential directives. *See* ECF No. 80 at 3-4; ECF No. 76 at 4-5. The document at issue here and the facts of this case (including as shown in the supplemental filings), are wholly distinct from (for example) the unclassified documents at issue in *CEG* and *Knight First Amendment Institute v. Centers for Disease Control & Prevention*, 560 F. Supp. 3d 810, 829 (S.D.N.Y. 2021), which were also not treated as confidential in either case. The other district court cases plaintiffs have cited are factually distinguishable as well. *See, e.g.*, ECF No. 54 at 18-21; ECF No. 76 at 5-6. And plaintiffs have cited no example where either the Supreme Court or any Court of Appeals has accepted a similar argument for waiver.

Here, the record (including the classified record) demonstrates that certain listed officials were given access to the Memorandum so that they could faithfully carry out presidential directives in matters related to the Memorandum, or aid or advise others in doing so. *See generally* Classified Matthews Decl. & Ex. A. For these individuals, reviewing the Memorandum helped inform their views about those matters, either so they could ensure they were faithfully carrying out the directives, or so that they could provide advice to others who were doing so. Further detail is provided in the classified filings.

**C. Review Necessary to Defend the Government in Litigation**

A limited number of individuals at the Department of Justice and DOD have reviewed the Memorandum for the purpose of defending the government in litigation, including this FOIA action. *See* Second Watzel Decl. ¶ 4; Classified Matthews Declaration. The government does not understand plaintiffs to argue that such review waives the privilege, and no court decision has suggested so. Nor would such a rule be workable. Like any party, the government must be able to mount a defense when sued, and doing so may require government attorneys to review classified, privileged, or otherwise sensitive material, either because that material is directly at issue or because it may bear on the facts of a related case. Information does not lose the protection of other privileges, such as the deliberative process privilege, if it is reviewed by litigation counsel in a matter where it is relevant. Moreover, the review occurred under confidential conditions in which attorney-client privilege or other privileges would be preserved. There is no basis to treat the presidential communications privilege differently.

**D. Review Necessary to Respond to Congressional Inquiries**

Finally, one individual at the Department of Justice outside of OLC reviewed the Memorandum for the purpose of facilitating the executive branch's response to inquiries from Congress, including to provide a Senate briefing. *See* Second Watzel Decl. ¶ 4.

As the government has previously noted, the D.C. Circuit has concluded that, as a general matter, the executive branch does not waive FOIA exemptions even by sharing material with Congress. *See Murphy v. Dep't of Army*, 613 F.2d 1151, 1155 (D.C. Cir. 1979). As the D.C. Circuit recognized, if "every disclosure to Congress would be tantamount to a waiver of all privileges and exemptions, executive agencies would inevitably become more cautious in furnishing sensitive information to the legislative branch—a development at odds with public policy which encourages broad congressional access to governmental information." *Id.* at 1156. It follows that a limited

number of executive branch staff must also be able to review documents in confidence to determine how to respond to congressional requests for information, a task upstream of any actual sharing with Congress. If that sort of confidential review risked waiver of the presidential communications privilege, it would create incentives for the executive branch to simply decline to respond to Congress altogether.

## CONCLUSION

The government's motion for summary judgment should be granted on the basis that the presidential communications privilege, and thus FOIA exemption 5, applies to the Memorandum in full.

Dated: November 10, 2026
New York, New York

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: */s/ Peter Aronoff*
PETER ARONOFF
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov