**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 18, 2026

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *American Civil Liberties Union, et al. v. U.S. Dep't of Justice, et al.*, 25 Civ. 10189 (PAE)

Dear Judge Engelmayer:

This Office represents the defendant agencies (the "government") in this Freedom of Information Act case. The government writes in response to the Court's November 17, 2026 Order, ECF No. 91, which directs the government, by Friday, November 20, to "file declarations from each of the six attorneys" identified in the fifth through tenth rows of the Second Declaration of Ryan Watzel, ECF No. 86, "explaining *with specificity* the purpose(s) for which they sought (or were given) access to the OLC Memorandum in connection with" the litigation of *Burnley v. United States,* No. 26 Civ. 10364 (D. Mass.), "and the purpose(s) served by that review." We respectfully suggest that the public record in this action and *Burnley* together provide sufficient information; but, to the extent the Court requires supplementation of the record, we respectfully request that the Court either accept a single declaration from a supervisor, or extend the deadline by three business days. We also respectfully request clarification that the order's "expect[ation]" that each declaration "be authored by each declarant himself" does not limit the involvement of government counsel in this action in which only federal agencies are defendants.

As reflected in public docket filings, including the operative amended complaint, *Burnley* is a matter brought by the survivors of two individuals allegedly killed in a strike under Operation Southern Spear pursuant to the Death on the High Seas Act seeking monetary damages. *See* Amended Complaint, ECF No. 45 ¶¶ 80-82 (cause of action). The government moved to dismiss, ECF No. 41, and the plaintiffs then amended their complaint, ECF No. 45. The case is now stayed, by the parties' agreement and the district court's order, pending the results of separate proceedings in Trinidad and Tobago. ECF Nos. 49, 50.

To the extent *Burnley* proceeds to the merits, the plaintiffs' amended complaint squarely raises the question of whether the alleged U.S. strike in which the decedents were killed was lawful. *See, e.g.*, Amended Complaint ¶¶ 2, 4; ¶¶ 67-79 (discussion of the alleged illegality of Operation Southern Spear); ¶¶ 80-82 (cause of action referencing alleged illegality). The *Burnley*

plaintiffs point directly both to the OLC Memorandum at issue in this FOIA action and this FOIA action itself. *Id.* ¶¶ 6, 62.[1]

The public record of this action and *Burnley* show two reasons why it was appropriate for government counsel who appeared in or are supervising *Burnley* to review the Memorandum.

First, review was necessary to understand the legal reasoning provided in the Memorandum, which the *Burnley* plaintiffs put directly at issue. As the declarations filed in this matter attest, and as the Court's in camera review of the Memorandum confirms, *see* ECF No. 79, the Memorandum contains deliberative legal advice on, among other topics, whether a contemplated military operation (which, when authorized, became Operation Southern Spear) was lawful. Watzel Decl. ¶ 17 (noting that the "document memorializes deliberative advice provided for use in advising the President and other senior Executive Branch officials regarding the legal availability of potential military action, as part of a deliberative process in connection with the President's decision whether to take such action in his constitutional role as Commander in Chief of the armed forces").

Second, in addition, as the public record in this matter shows, the OLC Memorandum is classified, and certain operational details about Operation Southern Spear are also classified. The question of whether the government might seek to dismiss the *Burnley* matter on state secrets grounds is a separate reason that review of the OLC Memorandum was necessary.

We therefore respectfully submit that the Court has a sufficient public record to understand the necessity for the six individuals to review the Memorandum.

To the extent the Court does not find the existing record sufficient, the government is prepared to supplement it. However, the Court's November 17 order, including its November 20 deadline, presents certain logistical difficulties. First, as noted in the Second Watzel Declaration, one of the listed employees, Mr. Brown, is no longer employed by the Department of Justice. Second, another listed employee, Mr. Guynn, is now (in addition to his role as the Deputy Assistant Attorney General for the Torts Branch) the Acting Assistant Attorney General for the Civil Division, and is charged with overseeing the majority of civil litigation (and certain criminal litigation) involving the United States.

In order to ensure that the government has adequate time to prepare relevant materials, we respectfully request that the Court modify or extend its order, as follows.

- All six government attorneys were employed in the Torts Branch of the Civil Division. Mr. Guynn was and remains the Deputy Assistant Attorney General overseeing the Torts Branch, and Mr. Patton was and remains the Director of the relevant litigating section of the Torts Branch. We respectfully submit that a declaration from either supervisor (Mr. Guynn or Mr. Patton) would be logistically

[1] As previously noted, many of the same counsel for the plaintiffs have entered appearances and signed pleadings in both matters.

simpler to prepare and could still provide the necessary information for all six individuals.

- Alternatively, if the Court requires a declaration from each of the six individuals, we respectfully request that the time for compliance be extended to November 25, 2026.

Finally, the November 17 order states that the Court "expects" each declaration "to be authored by each declarant himself." The United States and its agencies are the only defendants in this action and *Burnley*. It is thus appropriate for government litigation counsel to be involved in the preparation and review of any court filing, even a declaration prepared under penalty of perjury pursuant to 28 U.S.C. § 1746. For the avoidance of doubt, we respectfully request clarification that the November 17 order does not limit the involvement of government counsel in the preparation of any filing.

Due to the short deadline, we have not sought plaintiffs' position on this matter before this filing.

We thank the Court for its attention to this matter.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney
Southern District of New York

By: */s/ Peter Aronoff*
PETER ARONOFF
Assistant United States Attorney
Telephone: (212) 637-2697
E-mail: peter.aronoff@usdoj.gov
*Counsel for Defendants*

cc: Counsel for Plaintiffs (via ECF)