**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, AMERICAN CIVIL LIBERTIES UNION FOUNDATION, and CENTER FOR CONSTITUTIONAL RIGHTS,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE, including its component OFFICE OF LEGAL COUNSEL, U.S. DEPARTMENT OF STATE, and U.S. DEPARTMENT OF DEFENSE,<br><br>Defendants. | 25 Civ. 10189 (PAE) |

**DECLARATION OF THOMAS M. BROWN**

I, Thomas M. Brown, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I submit this declaration to comply with the Court's Order of November 17, 2026 (Dkt. No. 91). I make the following statements based on my personal knowledge, as well as information provided to me in the course of my official duties while I served as a Department of Justice employee. I have authored this declaration myself, in consultation with counsel for Defendants in the above-captioned action.

2. I am an attorney licensed in the State of Maryland. Before recently returning to private practice, I served as a trial attorney in the Aviation, Space & Admiralty Litigation section of the U.S. Department of Justice. In aggregate, I have practiced law in that office for nearly twelve years. This includes two years (2012-2014) as an active-duty "detailee" from the U.S. Navy. The remainder was as a civil servant, from August 2016 – June 2022, and again from December 2022 – June 2026.

3. Throughout my time in civil service, I also served as a reservist in the U.S. Navy. At present, I am a Captain in the Judge Advocate General's Corps of the U.S. Navy. In that capacity, I have both education and experience in national security law.

4. My caseload at the Department of Justice often included national security matters. *See, e.g.*, *Wu Tien Li-Shou v. United States*, 777 F.3d 175 (4th Cir. 2015) (tort action stemming from naval counter-piracy actions off Somalia); *Weir v. United States*, 518 F. Supp. 3d 1 (D.D.C. 2021) (tort challenge to Coast Guard's at-sea detention of drug traffickers); *Tarros S.p.A. v. United States*, 982 F. Supp. 2d 325 (S.D.N.Y. 2013) (challenging U.S. Navy actions to enforce embargo of Qhadaffi regime).

5. While still employed by the U.S. Department of Justice, I was assigned as lead counsel for *Burnley v. United States*, No. 26-cv-10364 (D. Mass.) at the inception of that suit. I entered my appearance and recall making an early filing regarding a scheduling matter. My duties as lead counsel continued through to my departure from civil service on approximately June 18, 2026. I am aware that, since my departure, the *Burnley* matter has been stayed pending conclusion of proceedings in Trinidad and Tobago.

6. I recall that the *Burnley* plaintiffs have alleged tort damages for injuries allegedly resulting from certain U.S. military operations, the legality of which they dispute. I know that they specifically allege the "United States has publicly defended the boat strikes . . . as lawful . . . sometimes with reference to an OLC legal memo." *Id.*, Dkt. No. 45 (Complaint) at ¶ 62.

7. As then-lead counsel, obviously, it was my duty to investigate the allegations that I was to defend. It was my job to prepare the United States' responsive pleading. To that end, Fed. R. Civ. P. 11(b) unquestionably obliged me to make a reasonable inquiry into both the facts and the law of the case. I specifically sought to read the OLC legal memo for that purpose.

8. It is also my memory that, as lead counsel with the requisite security clearance, I was the first person in the Aviation, Space & Admiralty section to review the OLC Memorandum. I do not recall the exact date of my review, but estimate that this occurred in early 2026.

9. Mindful that my professional obligations extend to former clients, Md. R. Prof. Resp. 1.9(c), I have conferred with counsel from the U.S. Department of Justice regarding the foregoing, which I believe could tend to reveal my thought processes and trial strategies during my time of service as lead counsel in *Burnley v. United States*. I respectfully defer to counsel for the United States regarding the necessity and propriety of redacting the foregoing, which certainly would seem appropriate to me. *See United States v. Adlman*, 134 F.3d 1194, 1197 (2d Cir. 1998).

10. Finally, I respectfully note that the foregoing is submitted solely in my personal capacity as a former trial attorney of the U.S. Department of Justice.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and information.

EXECUTED this 20th day of November, 2026.

Thomas M. Brown